UNITED STATES of America, Plaintiff,

v.

Rahnaun A. WILKERSON, Defendant.

Crim. No. 90–369.

United States District Court,
District of Columbia.

Sept. 26, 1991.

Robert Walker, Asst. U.S. Atty., Washington, D.C., for the government.

Charles F. Daum, Vienna, Va., for defendant.

## SENTENCING MEMORANDUM

SPORKIN, District Judge.

The defendant pled guilty to two counts of the indictment: the first, possession with intent to distribute narcotics, the second, using or carrying a firearm in relation to a drug trafficking crime.

When sentencing a criminal defendant, the Court has the responsibility to find matters of fact that are relevant. As guideline § 6A1.3(b) states:

> The court shall resolve disputed sentencing factors in accordance with Rule 32(a)(1), Fed.R.Crim.P. . . .

That rule then states:

> "[W]hen there is a factor important to the sentencing determination that is not then capable of being resolved, [the court shall] postpone the imposition of sentence for a reasonable time until the factor is capable of being resolved."

■ The amount of drugs implicated is a significant factor when sentencing a defendant for a narcotics offense. When five grams or more of cocaine is involved, a statutory minimum sentence of five years imprisonment applies. 21 U.S.C. § 841(b)(1)(B)(iii). The amount of cocaine also affects the sentencing guidelines calculation. U.S.S.G. § 2D1.1(a)(3), (c).[1]

In this case, the Court found itself in a highly unusual situation: the amount of drugs reported as evidence was but a hair's breadth over the five gram line. The Court was unable to resolve this matter to its satisfaction without receiving further evidence. Accordingly, in compliance with Fed.R.Crim.P. 32(a)(1), the Court ordered counsel to bring an expert and a scale before the Court so that the drugs could be weighed. The drugs were indeed weighed in the Court's presence. The Court has now found that the drugs weighed 4.9 grams. In view of this finding, the statutory exposure on Count 3, the narcotics offense, is now as follows:

■ Under the statute, the maximum term of imprisonment for the narcotics charge is 30 years with a minimum of six years supervised release. 21 U.S.C. § 841(b)(1)(C). The maximum fine that can be assessed is $2 million. The mandatory minimum sentence for the gun charge is five years imprisonment which must be served consecutively. 18 U.S.C. § 924(c).

---

1. If there were more than 5 but less than 20 grams of cocaine base involved, the base offense level would be 26. Where there are more than 4 but less than 5 grams involved, the base offense level is 24. With a criminal history category of II, the range for the 26 level is 70–87 months. The range for the 24 level is 57–71 months.

The defendant is ineligible for probation because he will be sentenced to a term of imprisonment on Count 5, 18 U.S.C. § 3561(a)(3).

Under the Sentencing Guidelines, since Mr. Wilkerson possessed at least four but less than five grams of cocaine base, his base offense level is 24 for the narcotics offense. *See* U.S.S.G. § 2D1.1(a)(3). With a two level reduction for acceptance of responsibility, the total offense level for the narcotics offense is 22.

Mr. Wilkerson also suffers from diminished mental capacity. In the presentence report, a clinical social worker reports that Mr. Wilkerson has been suffering from depression, self-destructive behavior and possible suicidal ideation. The social worker concluded that Mr. Wilkerson used drugs as response to existing emotional problems. I will therefore depart from the guidelines and reduce his offense level by another two points to 20. Mr. Wilkerson's criminal history category is II.

The guideline range on the narcotics offense for an offense level of 20 and criminal history category of II is 37–46 months. I will sentence Mr. Wilkerson to 37 months for the narcotics offense. This is the low end of the range and is being selected because of the defendant's youth, and the Court's view that he has severe medical problems, i.e. drug addiction, and mental problems. I have also taken into account the five year mandatory minimum sentence that must be imposed because of the weapon charge. With the gun offense, his total sentence will be 97 months, a little over eight years. This is more than an adequate sentence for the crime involved.

Here again, I want to point out that the government has not brought before this Court a drug kingpin. At some point I hope Congress will review its sentencing regime because cases like this demonstrate quite clearly that the law is requiring the imposition of unduly harsh sentences in no way commensurate with the offenses committed.

Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant, Rahnaun A. Wilkerson, is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of 97 months. This consists of 37 months on Count 3, and 60 months on Count 5 to run consecutively to Count 3. Upon release from imprisonment, the defendant shall be placed on supervised release for a term of 6 years. This consists of 6 years on Count 3 and 3 years on Count 5, all to run concurrently. The following conditions of supervised release are imposed:

1. The defendant shall not commit any crimes, federal, state or local.

2. The defendant shall abide by the standard conditions of supervised release as recommended by the U.S. Sentencing Commission.

3. The defendant shall not possess a firearm or any other dangerous weapon.

4. The defendant shall not deal with or consort with known drug dealers or drug users.

5. The defendant shall pay a $50 special assessment on each count for a total of $100.

6. The defendant shall participate in a drug aftercare program as directed by the Probation Office.

7. The defendant shall participate in an educational/vocational training program.

The Court finds that the defendant is unable to pay a fine, costs of imprisonment and supervision, and waives an alternative sanction in view of his need for drug treatment upon his release.